HORACE H. CHITTENDEN et al., Assignee, etc., Appellants, *v.* CHARLES O. MORRIS et al., Respondents.

One M. sold to W. M. & Co. certain bonds to be paid for on delivery. By consent of the parties and H. & Co., plaintiff's assignors, that firm was substituted as vendor in place of M. Both firms were members of the New York Stock Exchange, and in pursuance of its regulations, which entitled each firm to demand a ten per cent deposit, and in consideration of an extension of time for delivery, H. & Co., deposited with the F. L. & T. Co. $5,000 as security for performance on its part, subject to the joint orders of the two firms. The bonds were not delivered. W. M. & Co. refused to join with plaintiff in an order upon the trust company for the deposit, which it refused to pay without a joint order. *Held*, that an action was not maintainable to compel such joinder and the payment of the deposit to plaintiff.

Reported below, 52 Hun, 601.

(Argued December 12, 1889; decided December 17, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 15, 1889, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*James M. Townsend* for appellant. The title to the deposit of $5,000 is in the plaintiff. (*Dung* v. *Parker*, 52 N. Y. 494; *Howe* v. *Haywood*, 108 Mass. 54; *Noakes* v. *Morey*, 30 Ind. 103; Browne's Stat. of Frauds [4th ed.] § 342 *b*.) There was no valid contract made by Hatch & Co. with any one. (*Mallory* v. *Gillett*, 21 N. Y. 412; *White* v. *Rintoul*, 108 id. 226; *Ackley* v. *Parmenter*, 98 id. 425, 433; *Berry* v. *Brown*, 107 id. 659; *Dung* v. *Parker*, 52 id. 494; *Noakes* v. *Morey*, 30 Ind. 103; *Howe* v. *Hayward*, 108 Mass. 54; Browne on Stat. of Frauds [4th ed.] § 342 *b*.) The suggestion that this deposit is the "only reliance defendants may have" is not good ground for the interposition of a court of equity. (*Dung* v. *Parker*, 52 N. Y. 474; *Wheeler* v. *Reynolds*, 66 id. 227, 231; *Levy* v. *Brush*, 45 id 589, 596 ) It was error to admit against an assignee statements made by an assignor, which were not part of the *res gestæ*. (*Bush* v. *Roberts*, 111 N. Y. 278, 284; *Truax* v. *Slater*, 86 id. 632; *Vidvard* v. *Powers*, 34 Hun, 221.) It was error to deny the motion to strike out the testimony of defendant Morris. (*White* v. *Rintoul*, 108 N. Y. 222.)

*G. B. Wellington* for respondent. The sale by Maas was not within the statute of frauds, as a sufficient memorandum was signed by him. (*Justice* v. *Lang*, 42 N. Y. 493; *Dykers* v. *Townsend*, 24 id. 59.) Maas' contract is that of Hatch & Co., and is valid. (*Voorhes* v. *Olmstead*, 66 N. Y. 116.) Hatch & Co's agreement was not to answer for any debt, default or miscarriage of Maas. (*Emerson* v. *Slater*, 63 U. S. 28; *White* v. *Rintoul*, 108 N. Y. 227.) It being alleged and admitted that said deposit was made subject to the decision of the arbitration committee, it was a fatal omission on the part of the plaintiff not to show what that decision was (*Wood* v. *Tunnicliff*, 74 N. Y. 42; *Bronson* v. *Chapman*, 63 id. 625; 3 Parson on Contract, 58.) There is no allegation or proof that Hatch & Co. ever disaffirmed the

·contract with White, Morris & Co. The deposit cannot be withdrawn except on the joint order of Hatch & Co. and White, Morris & Co., and the latter firm not being in ·default cannot be compelled to join in such order. (*Harris* v. *Frink*, 49 N. Y 24.)

DANFORTH, J. On the 29th of December, 1886, the firm of A. S. Hatch & Co., brokers, deposited with the Farmers' Loan and Trust Company, $5,000 and took from that company a receipt in these words:

"NEW YORK, *Dec.* 29, 1886.

"This is to certify that A. S. Hatch & Co. has deposited with this company five thousand dollars, payable in current funds on one day's notice to them, and White, Morris & Co., jointly upon the surrender of this certificate (which is assignable upon the books of the company) with interest at the rate of two per cent per annum, provided the deposit is not disturbed until after the expiration of three days. $5,000."

On the 14th of November, 1887, Hatch & Co. assigned this sum of $5,000, and all claims therefor, to the plaintiff for the benefit of the creditors of A. S. Hatch & Co., and after ·demand made upon the trust company, and a refusal on the part of White, Morris & Co., the joint payees to join in the ·demand, the assignee brought this action, asking that White, Morris & Co., be required to join with plaintiff in an order ·upon the Farmers' Loan and Trust Company for the payment ·to him of the sum of $5,000 so deposited by his assignors, and that the defendant, the Farmers' Loan and Trust Company, be decreed to pay to him that sum of $5,000, with accrued ·interest.

It is, of course, obvious that as, by the terms of the agreement, the trust company was bound to the two payees, and not to each separately, it could be made liable only upon their joint demand, and, therefore, as one refused to co-operate with the other, it was necessary to show that the refusal was ·wrongful.

The court at Special Term found that the refusal was justified, and the General Term have approved that decision. We are unable to find in the record any reason against it. The complaint goes upon the ground that fraud practiced by Morris & Co. upon Hatch & Co. induced the deposit. The allegations to that effect were put in issue, and were not only in the estimation of the trial judge unproven, but the· learned counsel for the appellant upon this hearing asks nothing upon that theory nor does he find fault with the refusal of the court to find that the representations stated by the plaintiff as the basis of his action were, in fact, made. The allegation in respect to them may, therefore, be laid one side. The appellants' claim is that there was no consideration for the. deposit. As to that both courts thought otherwise. The trial judge refused the plaintiffs' request so to find ; and as the summing up of the whole case. did find that on the 24th of December, 1886, one G. Maas sold to White, Morris & Co. $50,000, Troy and Boston Railroad Company bonds, known as seconds, at seventy-five per cent of their face value ; and a written memorandum of the sale was made and signed by Maas, and delivered to White, Morris & Co. He also found, that A. S. Hatch & Co., the plaintiff's assignors, on December 29, 1886, called upon White, Morris & Co., assumed Maas' sale, took his place therein, and agreed in his stead to· deliver the bonds to White, Morris & Co., and White, Morris & Co. assented thereto, and agreed to pay A. S. Hatch & Co. on such delivery instead of Maas. Thereupon, a member of each firm, being a member of the New York Stock Exchange, and each firm being (by reason of its regulations), entitled to demand a ten per cent deposit, they severally deposited $5,000 with the Farmers' Loan and Trust Company on account of such sale and transaction, and subject to the joint orders of both firms ; and such deposits are yet continued, one being the deposit mentioned in the certificate. Thereupon, White, Morris & Co., at the request of A. S. Hatch & Co., gave them an extension of time for delivering the bonds, and later another extension ; but the bonds.

have not been delivered, or any thereof; that from the time of such arrangement between the two firms A. S. Hatch & Co. have dealt with White, Morris & Co., as principals, in place of Maas in his said sale, and White, Morris & Co. have looked to them as such, and not to Maas, and have done so with the concurrence of A. S. Hatch & Co.," and upon these facts, the trial judge found as conclusion of law, that "by the arrangement between A. S. Hatch & Co. and White, Morris & Co., A. S. Hatch & Co. became principals in place of Maas in his sale to White, Morris & Co.; that such arrangement was not a new sale, or within the statute of frauds, but was and is valid; that the plaintiff is not entitled to the deposit made by A. S. Hatch & Co., but that the same is security to White Morris & Co. for the execution of Maas' sale to them."

These facts found by the trial judge have sufficient evidence in their favor — indeed it is all one way — and they establish (1) a legal contract between Maas and Morris & Co. for the sale, purchase and delivery of the bonds in question; (2) the substitution of Hatch & Co. in the place of Maas at their own request; (3) and in consideration of an extension of time for the delivery of the bonds, a deposit of $5,000, to secure the performance by them of the agreement they had assumed; and (4) that the agreement has not yet been performed.

It is quite needless for a court of equity to inquire into contracts, real or pretended, before that time entered into between Hatch & Co. and other persons relative to the bonds, and on which Hatch & Co. might or might not have relied. But by these agreements the bonds in the first instance were to be supplied by Hatch & Co. to Maas, and they had been informed that when delivered the delivery was to be made to Morris & Co. These circumstances, no doubt, moved Hatch & Co. to make the application to them for forbearance in exacting immediate delivery. But the agreement then made, and which resulted in the deposit now in question, was an independent agreement between Hatch & Co. and Morris & Co., to the full benefit of which, so far as the facts are displayed in this record, the defendants are entitled.

The plaintiff's case is simply this: Morris & Co. had a valid contract under which Maas was bound to sell and deliver to them certain bonds. Hatch & Co. admit that they were to deliver the bonds to Maas, and in his presence, and in the presence of Morris & Co., assume to stand in his place and apply to Morris & Co. for an extension of time in which to make delivery to them. Morris & Co. had already deposited $5,000 in the trust company as security for performance of the agreement to purchase on their part, payable by the trust company upon the joint order of A. S. Hatch & Co. and themselves, and in consideration of this and the extension of time given in pursuance of their request, Hatch & Co. made the deposit in question. There was no fraud, nor does there seem to be either illegality or unfairness in the arrangement. The plaintiff stands as a volunteer in the place of Hatch & Co. There appears to be no ground on which a court should interfere in his favor.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.